## KLOTZ v. HECHT.

(Circuit Court, S. D. New York. April 17, 1896.)

UNFAIR COMPETITION—LABELS.

One E. P., in 1840, began in Paris, France. the business of manufacturing toilet preparations. which became well and favorably known in Europe and the United States, in connection with the name of E. P. The business was continued by a firm of which E. P. was a member, under the name "Parfumerie E. P.," and by plaintiff, to whom the business and all trade-marks, etc., were sold. In 1895, defendant, who had been in plaintiff's employ, began the manufacture and sale of certain toilet preparations, with the same names as plaintiff's. which were manufactured in the United States, but were marked with labels in the French language, and devised, as admitted by defendant, to give the impression that the goods were French. Defendant also placed on his labels a statement that he was "formerly with" the Parfumerie E. P., arranging the names in such a manner as to give the impression that the latter was the name of the manufacturer, and he placed upon them a picture closely resembling a picture used on plaintiff's labels. *Held,* that it appeared that defendant was attempting to palm off his goods as plaintiff's, and that the use of such labels should be enjoined.

Application for restraining order to continue until final hearing of the cause.

James L. Bishop, for the motion.
William G. Witter, opposed.

LACOMBE, Circuit Judge. Edouard Pinaud, about the year 1810, embarked in business in Paris, France, as manufacturer of and dealer in various toilet preparations. His goods became well and favorably known in the trade and to the public, and the name "Ed. Pinaud" has for many years been associated with such preparations, as one of the distinguishing marks thereof. In 1852, Pinaud formed a partnership with one Emile Meyer, continuing the business under the names "Ed. Pinaud," or "Parfumerie Ed. Pinaud." Upon his death, in 1868, all the firm property, trade-marks, names, and good will passed to the survivor, and subsequently, and long prior to the commencement of this suit, the same were purchased by and duly transferred to complainant, who has ever since continued to deal largely in these goods throughout the United States, and has expended large sums of money yearly in advertising the same. The goods he sells are made and put up at the old Pinaud establishment abroad, and are sold here in large quantities, mainly because of the reputation acquired during the many years in which the "Ed. Pinaud" preparations have been in the market. Among the goods thus prepared and sold are an "Extrait Végétal" and an "Eau de Quinine," both being toilet preparations for the head. Defendant was in the employ of complainant from 1891 to 1895. After leaving, he began to put up and sell toilet preparations known as "Extrait Végétal" and "Eau de Quinine," which complainant now seeks to enjoin. The defendant's preparations, contents, bottles, labels, and stoppers are all made in this country. The labels, however, are printed in French, avowedly for the purpose of inducing a belief on the part of the purchaser that he is getting an imported article. In excuse for this attempt at deception it is suggested that toilet preparations would not sell readily unless they were presented to the public in a French dress. It is true that defendant nowhere expressly states that his goods are of foreign manufacture, but he ingeniously conveys that idea by the manner in which he labels them. Moreover, upon the bottles in which he vends his Eau de Quinine there are blown into the glass in raised letters the words "Paris" and "France." The word "Paris" is arranged on a convex line, and the word "France" below it on a concave line, and there is a wide space between the two, which is covered by a white label, pointing out the advantages of the preparation. This space covered by the label is so wide as to suggest the presence of other words on the glass between "Paris" and "France," and the ingenuity of the device becomes apparent when it is remembered that the public is now quite generally advised that the customs laws require that packages containing articles of foreign manufacture shall be stamped or labeled so as to indicate the country of their origin. The words, "Made in England," "Made in Germany," etc., are calculated to induce a belief that any articles thus labeled are made in those respective countries; and the ingenious combination of the

raised words with the white label on defendant's bottles is well devised to delude the ordinary purchaser into the belief that the words "made in" are also there, but covered by the white label. In view of the light thrown upon defendant's intent by his admission that he is endeavoring by artifice and device to mislead the public into the belief that his domestic goods are made in France, it is not difficult to reach the conclusion that his goods have been dressed up with the further intent to palm them off as those of the complainant, viz. the preparations of the old and well-known house, "Ed. Pinaud" or "Parfumerie Ed. Pinaud."

As to some of the points of resemblance there are conflicting statements of fact in the affidavits presented by both sides. In view of this conflict, and of the number of bottles of similar shapes presented as exhibits, all those questions may be left for final hearing. Those resemblances only as to which there is practically no dispute will be considered on this motion. Defendant's principal label contains the statement, "Préparée par M. Hecht, Dernierement avec Parfumerie Ed. Pinaud, Paris." Whether or not defendant's former relations with the house of Pinaud were such as to authorize him to describe himself as "formerly with" such house is an issue which may best be reserved for final hearing. Manifestly, however, defendant so uses the above-quoted words that by means of the spacing and the type employed they are calculated to deceive the purchaser, especially if he be not familiar with the French language. The words, "Ed. Pinaud, Paris," are in large type, and, although no larger than that used for the words, "M. Hecht," they are placed last on the label, the place where the maker's name is usually displayed. This is manifestly well calculated to delude the purchaser, and is a fraud on the public and on the complainant, and should be stopped. On the bottle in which complainant's Eau de Quinine has been sold there is also a basket of flowers, blown into the glass. In the same place on defendant's bottle there is in like manner blown into the glass a vase of flowers. There can be no doubt that this has been done with the intent to simulate complainant's goods, and it is wholly unwarranted. So far as shown, no one, prior to complainant or his predecessors, used this distinguishing mark upon bottles of perfume.

There is nothing in the defendant's counter charges of fraud upon the public perpetrated by complainant. In view of the unbroken continuance of the business of the original house of Edouard Pinaud by the partnership and by complainant, there is no deception in the use of the words "Préparée par Ed. Pinaud, Parfumeur, 37 Bd. de Strasbourg, Paris." Nor is the phrase, "Préparée aux Jaunes d'Oeufs," used on complainant's Extrait Végétal, a statement that it contains "yolk of egg." There is a conflict of evidence as to whether the complainant's Eau de Quinine contains a substantial quantity of quinine, but upon the proof as it stands I am inclined to the opinion that no deception of the public as to its composition has been sufficiently established to warrant a refusal of his motion for an injunction.

Motion granted as to the use of labels such as defendant now uses on the face and neck of his bottle, or any labels so printed as to convey the impression that the goods to which they are affixed are those of the house of "Ed. Pinaud." Also as to the use of the bunch of flowers blown into the glass on bottles of Eau de Quinine.